**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT**<br>**Plaintiff**<br><br>**VS.**<br><br>**AMERICAN POWER CONVERSION CORPORATION,**<br>**Defendant.** | : | **C.A. No. 05-084 ML** |

# ANSWER

Defendant, American Power Conversion Corporation ("APC"), hereby responds to the Complaint of Plaintiff, Natalie Gill Bartlett, as follows.

## Jurisdiction

The paragraph under the Jurisdiction heading is a legal conclusion as to which no response is required. To the extent a response is deemed required, the allegations are denied.

## Parties

To the extent that Natalie Gill Bartlett ("Bartlett") alleges that she is the Plaintiff and that she has named American Power Conversion Corporation ("APC") the Defendant in the within action, admitted; otherwise denied.

## Nature of Case

1. Admitted.

2. Defendant is without sufficient knowledge or information regarding Plaintiff's allegations as asserted in Paragraph 2 and therefore denies them. Defendant further denies that it engaged in any unlawful or discriminatory acts involving Plaintiff.

3. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), denies the date of filing, denies the characterization of the contents of the Charge to the extent they are inconsistent with the Charge which speaks for itself and further denies all remaining allegations of Paragraph 3. Defendant further asserts that the EEOC dismissed the Charge because it was unable to substantiate Plaintiff's charges based on its investigation.

4. Defendant admits that the EEOC sent Plaintiff a Dismissal and Notice of Rights on or about November 29, 2004, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies them.

5. Paragraph 5 states legal conclusions as to which no response is required. To the extent a response is deemed required, the statements are denied. Defendant specifically denies that it engaged in any alleged unlawful conduct with respect to Plaintiff's employment or termination.

**Cause of Action**

1(a). Defendant admits that Plaintiff is making certain allegations as reflected in Paragraph 1, but specifically denies that the allegations are true and that Defendant engaged in any unlawful conduct with respect to Plaintiff. To the extent Plaintiff alleges facts in Paragraph 1(a), their descriptions are too indefinite and Defendant therefore denies the allegations. To the extent that Plaintiff bases her allegations on documents or internal records, Defendant denies her characterization of such

documents or records to the extent they are inconsistent with the contents of the documents or records, which speak for themselves.

1(b). Defendant admits that Plaintiff was age 63 at the time of her termination and denies all remaining allegations. Defendant further denies that it discriminated against Plaintiff on the basis of her age and points out that Defendant hired Plaintiff when she was age 61.

1(c). Defendant admits that Plaintiff submitted a March 22, 2004 memorandum to her supervisor, but denies the characterization of the memorandum to the extent it is inconsistent with the contents of the memorandum, which speaks for itself. Defendant specifically denies that Plaintiff was subjected to an unlawful hostile work environment. Defendant admits that Plaintiff was selected for termination in part because of her interactions with other employees. Defendant admits that Plaintiff has attached a copy of an email as Exhibit 5 to the Complaint. Defendant is without knowledge, information or ability to understand the remaining allegations of Paragraph 1(c) and therefore denies them.

1(d). Defendant denies that it engaged in unlawful retaliation and that Plaintiff engaged in any protected whistleblowing. Defendant admits that Plaintiff's interaction with her supervisor was a factor in her selection for termination, but denies that her supervisor engaged in any unlawful discrimination or that the department was an unlawfully hostile environment. Defendant denies all remaining allegations of the first paragraph.

Defendant denies Plaintiff's characterization of her March 22, 2004 memorandum to her supervisor to the extent it is inconsistent with the contents of the memorandum,

which speaks for itself. Defendant denies all remaining allegations of the second paragraph.

1(e). Defendant denies that it defamed, libeled or slandered Plaintiff's character. Defendant is without knowledge or information sufficient to understand what factual allegations or legal contentions Plaintiff is making herein and therefore denies them. Defendant further asserts that, if Plaintiff bases her allegations on documents, Defendant denies Plaintiff's characterization of such documents to the extent they are inconsistent with the contents of the documents, which speak for themselves. To the extent Plaintiff alleges that management concocted or engaged in fabrications relating to Plaintiff's employment or her termination, the allegations are denied.

**Injury to Plaintiff**

1. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff believes and therefore denies the allegations of Paragraph 1. Defendant specifically denies that it engaged in any unlawful conduct with respect to Plaintiff's employment or termination.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff planned to work until age 65, but for purposes of this action admits that Plaintiff did not intend to work beyond age 65. Defendant denies that Plaintiff was subjected to unlawful discriminatory treatment, that it defamed Plaintiff or that Defendant unlawfully caused her to suffer any financial damages or mental anguish.

## Other Defenses

1. Some or all of Plaintiff's claims are barred by statutes of limitations or other applicable time requirements.

2. The Complaint, in whole or in part, fails to state claims against Defendant under the Age Discrimination in Employment Act.

3. The Complaint, in whole or in part, fails to state claims against Defendant under Title VII.

4. If and to the extent that Plaintiff has stated claims for relief and suffered any damages, Defendant's acts or omissions were not the cause of Plaintiff's alleged damages.

5. Plaintiff has failed to mitigate her alleged damages.

6. To the extent Plaintiff has received wages or benefits from employment, self-employment, social security, unemployment compensation or workers compensation, Defendant is entitled to set off those amounts against any damages award.

7. Plaintiff's claim for certain of her alleged damages may be barred by the exclusivity provisions of the Rhode Island Workers Compensation Act, R.I.G.L. § 28-29-1 *et seq*.

8. Plaintiff fails to state a claim for and is otherwise not entitled to exemplary damages under applicable Rhode Island or federal law, and Defendant did not participate in any intentional, malicious, willful, wanton or reckless unlawful conduct.

9. If, and to the extent that Plaintiff suffered any damages, they are too speculative to be recovered.

10. Plaintiff's claims for equitable relief are barred by the doctrines of laches, waiver and/or unclean hands.

11. To the extent that Plaintiff alleges the existence of unlawful hostile environment, which conduct Defendant expressly denies, Defendant exercised reasonable care to prevent and promptly correct any such behavior.

12. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

13. If one or more persons engaged in unlawful conduct toward Plaintiff, which Defendant expressly denies, such conduct cannot be attributed to Defendant, and Defendant cannot be held liable for such conduct.

14. Plaintiff failed to exhaust her administrative remedies.

15. Defendant at all times acted in good faith with regard to Plaintiff.

16. Defendant is entitled to immunity with respect to certain of the statements it is alleged to have made in administrative proceedings.

17. Defendant's statements in administrative proceedings are subject to a privilege.

WHEREFORE, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint, enter judgment in its favor, award Defendant the reasonable fees and expenses for the defense of this matter and award such other and further relief as the Court deems just and proper.

**Natalie Gill Bartlett**
**vs.**
**American Power Conversion**
**Corporation, *et al.***
**C.A. No. 05-084 ML**

AMERICAN POWER CONVERSION
CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
Email: gpalmer@rodiobrown.com

Date: June 16, 2005

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 16 day of June, 2005.