**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Natalie Gill Bartlett** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CASE: CA 05 084 ML** |
| | : | |
| | : | |
| **American Power Conversion Corporation** | : | |
| **Defendant** | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO COMPLAINT**

Plaintiff, Natalie Gill Bartlett responds to defendant, American Power Conversion Corporation's answer to plaintiff's complaint.

## JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for Employment Discrimination and the Age Discrimination in Employment Act. Jurisdiction is conferred by 42 U.S.C. 2000e-5 and 29 U.S.C 626 (c) (1).

## PARTIES

1. Plaintiff: Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

2. Defendant: American Power Conversion Corporation
132 Fairgrounds Road
West Kingston, RI 02892

## NATURE OF CASE

2. Plaintiff counter claims that she was discriminated against regarding the the termination of plaintiff's employment and by the lack of defendants affording her entitlement to the defendant's corporate personnel policy as afforded other employees of her former work department during the period of plaintiff's employment.

3. Plaintiff provided the defendant letters during March and April, 2004 that contained plaintiff's factual claims denied by the defendant that have not ever been specifically, formally answered which plaintiff believes adds credence to these claims. The plaintiff further submits that the defendant's claims regarding the EEOC dismissal of the plaintiff's complaint does not have relevance in this matter, only for right to sue purposes. Plaintiff experienced multiple errors made by the EEOC case worker in the cases formal filing document which tends to support the question of validity of any investigative work performed.

4. Plaintiff does not understand the inference of the remaining allegations of paragraph 4 as claimed by the defendant's legal counsel.

5. Plaintiff believes charges a.,b.,c.,d., and e. listed in paragraph 5 are all defendable regarding their validity and existence.

**CAUSE OF ACTION**

1(a). Plaintiff contends discriminatory treatment occurred that is not vague and indefinite as characterized by defendant's legal counsel, that preferential treatment was afforded numerous department employees of plaintiffs former work department for personal disciplinary matters and that plaintiff was discriminated against by not being afforded the benefits of the former employer's corporate personnel policy to which she was entitled as was accorded several other department employees. Defendant's claim that plaintiff's characterization of such documents or records to the extent they are inconsistent with the content of the documents or records appears to be without factual basis.

1(b). Plaintiff's hiring at age 61 has no relevance regarding her being subjected to age discrimination regarding the termination of her employment. Defendant characterized termination of plaintiff's employment in exhibit 3 of plaintiff's complaint because of her inappropriate conduct and disruptive presence in the workplace without factual evidence, in exhibit 4 of complaint defendant cites restructuring as the reason to terminate plaintiff's employment and in exhibit 2 of plaintiff's complaint State of Rhode Island Department of Labor and Training advised plaintiff that she was discharged because of poor performance. No factual basis for any of these defendant's allegations have ever been presented. The only factual relationship to these general accusations is that shortly after the plaintiff's employment termination,

an employee at least thirty years younger was hired to take over responsibility for the plaintiff's former responsibility.

1(c). Simple denials of charges outlined in count III without consideration of plaintiffs formal letters written to defendant during March and April of 2004, all unanswered at the time, and now fifteen months later all allegations denied, shows no reasonable evidence of cause for dismissal of plaintiff's charges against her former employer. Plaintiff claims that the defendant did not formally answer any of the letter that she wrote to management during this period, because all charges and criticisms made by the plaintiff were true and defendant management was unable to answer them due to the cover up of certain other employee actions within the department that support that the plaintiff received discriminatory treatment compared to other employees.

1(d). Defendant's legal counsel claims denying any involvement in unlawful retaliation and unlawful discrimination does not address the issues in this charge. Plaintiff contends retaliation for certain claims she made in writing were actual factors in resultant termination and that the retaliation violated American Power Conversion's corporate personnel policies and the plaintiff further contends that the vicious claims of gun possession and RI mob involvement, were all knowingly conjured by certain defendant management in the building of a case for the termination of the plaintiff's employment which was necessary in her situation due to her exceptional comparative work performance results compared to other department employees in similar sized assignments.

1(e). Plaintiff believes that statements made by defendant legal counsel in exhibit 7 of charges and in incidents outlined in exhibit 6 support her contention of a vicious, unwarranted attack on her personal character and the burden of proof should rest on the defendant to factually prove these character accusations beyond doubt and that they were not created to discredit plaintiff in defendants case building activities to justify termination of the plaintiff's employment.

**INJURY TO PLAINTIFF**

1. Plaintiff believes that all of her contentions made are accurate and do not justify denial without proper review of all related charges in this matter.
2. Plaintiff believes that the defendant has no factual basis for judgements in this matter and therefore denial by the defendant is not justified.

**OTHER DEFENSES**

Plaintiff believes that all of the contentions outlined by defendant's legal counsel have no factual basis, are inference based without any definition of factual support or relevant application applied to the five charges against the defendant that were specified in point five of the Nature of Case in the original complaint and are therefore irrelevant until specifically defined regarding their relationship to charges a.,b.,c.,d., e. in point five of Nature of Case.

Plaintiff prays for relief in this matter and requests that the defendant's request for dismissal of this complaint be denied and that the defendant and its legal representatives be required to provide factual basis why all allegations made by the plaintiff in this matter in the original complaint and the defendant's answer to the complaint be affirmed or denied based upon facts, not generalizations of questionable relevance.

Natalie G. Bartlett pro se plaintiff

45 Lakeside Drive
Narragansett, RI 02882
(401) 782-1398

Date: June 30, 2005

**CERTIFICATION**

Gardner H. Palmer,Jr.
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 30th day of June, 2005.

Natalie G. Bartlett pro se plaintiff