91 FRIENDSHIP STREET
PROVIDENCE, RHODE ISLAND 02903
TELEPHONE: 401-274-4040
FACSIMILE: 401-274-4099
WWW.RODIOBROWN.COM

Gardner H. Palmer, Jr.
gpalmer@rodiobrown.com

Rodio & Brown, Ltd.
COUNSELLORS AT LAW

October 21, 2005

Ms. Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02892

Re: *Bartlett v. American Power Conversion Corporation, C.A. No. 05-084 ML*

Dear Ms. Bartlett:

I have had a chance to review your responses to the various discovery requests we served on behalf of American Power Conversion Corporation ("APC"). Under court rules, we must try to reach agreement on any discovery issues before we can file a motion with the court to obtain more responsive discovery or overcome the objections you have asserted. I am writing this letter to you in hopes that you will respond more comprehensively to certain of APC's discovery requests in order to avoid having to file a Motion to Compel.

Our ability to decipher your Answers was hampered by your failure to set out the entire Interrogatory to which you were responding as required by the rules. In any event, I will list the discovery requests for which we are seeking additional responses and outline the information we are seeking so that you can judge whether you will be willing to supplement your answers. The more you are able help us understand the legal basis of your claims, the easier it will be for us to properly evaluate the case.

**Interrogatory Answers**

Interrogatory No. 3: You have not identified the protected status that you are claiming as to each of the incidents that you allege constituted illegal discrimination, nor have you identified whether you specifically advised APC that you believed you were being discriminated against on the basis of some protected status. In relating Incident Nos. 2 and 3, you have not specifically identified the entitlements or legal rights you believe you were denied. In Incident No. 3, subpart (e), you have not provided any information on the "harassing manner" in which you were allegedly treated.

Interrogatory No. 4: You have not provided descriptions of the incidents relating to your age claim [4(c)], your hostile environment claim [4(d)], or your retaliation claim [4(e)]. You have not identified who or when you asked to review your personnel file. You have not identified the requests for "entitlements" that you made that were allegedly denied. You have not described the harassment you allegedly endured after writing your March 22, 2004, March 28, 2004 and April 28, 2004 letters.

Interrogatory No. 5(a)-(c): You have not identified or described any of the alleged "illegal treatment" you endured, what retaliation occurred, what entitlements APC was unwilling to provide or who and how others were treated differently from you under similar circumstances. 5(d): You have not detailed the steps you took in response to the alleged illegal treatment or what management practices you challenged.

Interrogatory No. 6(a)-(c): You have not identified or described the retaliatory acts APC engaged in other than "the threatening and harassing behavior of management spelled out in plaintiff's March and April, 2004." Please list and describe APC's retaliatory acts and identify what protected conduct you claim to have engaged in that caused APC to retaliate against you. 6(e): Please identify and describe the "challenge of certain management" and the "nature of their practices" you refer to in your Answer.

Interrogatory No. 9(a)-(c): You have not identified and described the substance of each harassment claim you reported to APC management, to whom and when you made the reports and what APC did about reach report.

Interrogatory No. 16(b)-(g): Your answer is incomplete and does not describe the claim or provide the specific information requested.

Interrogatory No. 18(c)-(h): You have not described what you were told by Penny Edwards during your performance appraisal or otherwise responded to the specific requests.

<u>**Requests for Admission**</u>

Request Nos. 32-33: We ask that you withdraw your objection to these two Requests and respond to them. The admissions sought are highly pertinent to the age discrimination claim you are asserting.

Request No. 35: We ask that you withdraw your objection to this Request and respond to it. The admission sought is highly pertinent to the retaliation claim you are asserting.

Request No. 40: We ask that you reconsider your denial of this Request in light off what you have stated following the denial. The Request asks whether you are "aware" of defamatory oral statements by Penny Edwards, not whether you believe she made any.

Request No. 44: We ask that you withdraw your objection to this Request and respond to it. We are entitled to know the current state of your knowledge or awareness on this issue.

Rodio & Brown, Ltd.
COUNSELLORS AT LAW



**Request for Production of Documents**

Request No. 12: Unless you are making absolutely no claim for damages relating to physical, mental or emotional injury, we are entitled to your medical history. It appears from your Complaint and your damage summary that you are claiming compensatory damages relating to physical, mental or emotional injury. If you are willing to stipulate that you are not seeking compensatory damages and are limiting your damage claim to Items 1-4 of your Statement of Financial Damages, we can consider foregoing this Request.

Request No. 20: You did not produce the attachments to your August 20, 2004 EEOC New Charge Questionnaire. It appears from what you did produce that there were at least 12 exhibits. Please produce these and any other documents that were not produced that are responsive to this Request.

Request No. 22: You failed to produce any original or source documentation pertaining to your Ameritech Security Link EEOC Charge.

Request No. 30: You have failed to produce any documents responsive to this Request and the form of your response is improper. We are looking for any documents in your possession, custody or control pertaining to your protected conduct or activities for which you claim that APC retaliated against you. If you have any responsive documents, you must produce them. If you have no such documents, you should so state.

Request No. 32: Your answer is non-responsive. If you have responsive documents, please produce them. If not, please state that.

Request No. 35: You have not provided any source or original documents pertaining to your EEOC Charge relating to Ameritech Security Link. If you have no such documents, you should state that. If there are no other documents relating to other disputes or litigation involving other employers, you should state that. If there are other disputes or litigation, you should identify them and produce documents relating to them.

I am hopeful that you will voluntarily provide the missing information and documents so that we can avoid filing a motion with the court. If you do not understand what we are looking for or wish to discuss any issues pertaining to this matter, please contact me. Thank you.

Very truly yours,

Gardner H. Palmer, Jr.

GHP, Jr.
cc: Jeffrey Giguere, Esq.