**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT**<br>**Plaintiff**<br><br>**VS.**<br><br>**AMERICAN POWER CONVERSION CORPORATION,**<br>**Defendant.** | : | **C.A. No. 05-084 ML** |

**DEFENDANT AMERICAN POWER CONVERSION**
**CORPORATION'S MOTION TO DISMISS**

Defendant, American Power Conversion Corporation, pursuant to Federal Rules of Civil Procedure 33, 34 and 37, moves this Court to dismiss with prejudice the Complaint of Plaintiff, Natalie Gill Bartlett, for failure to comply with the December 9, 2005 Order compelling Plaintiff to (a) produce more responsive Answers to Interrogatory Nos. 3, 4, 5, 6, 9, 16 and 18 within five (5) days days; and (b) produce responsive documents pursuant to Defendant's Document Request Nos. 12, 20, 22, 30, 32 and 35 within five (5) days.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum attached hereto and made a part hereof.

AMERICAN POWER CONVERSION
CORPORATION
By its Attorneys,

[signature]

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax

Date: December 21, 2005

**Natalie Gill Bartlett**
**vs.**
**American Power Conversion**
**Corporation, *et al.***
**C.A. No. 05-084 ML**

## CERTIFICATION

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 21st day of December, 2005.

Helena Amaral

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATALIE GILL BARTLETT<br>Plaintiff<br><br>VS.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br>Defendant. | : | C.A. No. 05-084 ML |

**DEFENDANT AMERICAN POWER CONVERSION CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

1. Plaintiff Natalie Gill Bartlett filed suit against Defendant American Power Conversion Corporation on or about February 23, 2005 and served the Complaint on or about May 27, 2005. Defendant filed its answer to the Complaint on June 16, 2005.

2. The Court issued a Pretrial Order on July 18, 2005 requiring that discovery be completed by November 30, 2005.

3. On or about August 5, 2005, Defendant served Interrogatories, a First Request for Production of Documents and a Request for Admissions (copies can be made available to the Court) on Plaintiff. Plaintiff responded on or about September 3, 2005 but her responses were lacking in many respects.

4. Defendant wrote a detailed letter to Plaintiff on October 21, 2005 asking Plaintiff to voluntarily provide more responsive Interrogatory Answers, produce certain requested documents, and withdraw certain objections and denials to Admissions Requests in order to avoid a Motion to Compel. Defendant attaches as *Exhibit A* its October 21st letter which explains in detail what Defendant is seeking and why.

5. Defendant filed a Motion to Compel on November 9, 2005 seeking an Order compelling Plaintiff to provide answers or more responsive answers to certain of

Defendant's Interrogatories, Requests for Admission and Requests for Production of Documents.

6. By letter dated November 21, 2005, Plaintiff purported to respond to Defendant's October 21, 2005 letter but only partially provided the requested discovery.

7. On December 9, 2005, the Court granted the Motion to Compel and ordered Plaintiff to provide the requested discovery within five days, or by December 14, 2005.

8. Plaintiff did not provide the requested discovery by December 14, 2005 as ordered by the Court.

9. As a courtesy to Plaintiff and in an effort to obtain the court-ordered discovery, Defendant wrote to Plaintiff on December 19, 2005 asking the Plaintiff to provide the missing discovery and warning that Defendant would file a Motion to Dismiss if the discovery was not provided by December 22, 2005. A copy of Defendant's December 19th letter is attached as *Exhibit B*.

10. By letter dated December 20, 2005, Plaintiff responded with respect to Defendant's Request for Admissions and partially responded with respect to Defendant's Request for Production of Documents. However, Plaintiff failed and refused to provide the court-ordered responses to Interrogatory Nos. 3, 4, 5, 6, 9, 16 and 18 and to Request for Production No. 12. A copy of Plaintiff's December 20, 2005 letter is attached as *Exhibit C*.

11. Plaintiff's failure to provide the requested discovery is without excuse or justification, and is in direct violation of the Court's December 9, 2005 Order.

## II. ARGUMENT

**1. This Court should dismiss with prejudice Plaintiff's Complaint for her willful failure to comply with the Court's December 9, 2005 Order and otherwise provide discovery responses.**

Federal Rule of Civil Procedure 37(d) provides:

> If a party . . . fails . . . (2) to serve answers to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2)(C) allows the Court to enter:

> [a]n *order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding* or any part thereof, or rendering judgment by default against the disobedient party (emphasis added).

Rule 37(d) and the first circuit expressly authorize this Court to dismiss a plaintiff's case for failure to submit to discovery or comply with the Court's orders. If a party's conduct warrants it, the Court may dismiss a plaintiff's complaint for failing to submit to discovery without any preliminary steps. As the court stated in *Guex v. Allmerica Financial Life Ins. and Annuity Co.*, 146 F.3d 40, 42 (1st Cir. 1998):

> There is also "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions [available under Rule 37] have been considered or tried." *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 15 (1st Cir.1983). Thus, "[a] plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was *clearly* not justified in entering an order of dismissal under Rule 37." *Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 537 (1st Cir.1988) (emphasis added).

The fact that sanctions less drastic than dismissal exist is immaterial. *Morgan v. Massachusetts General Hosp.*, 901 F.2d 186 (1st Cir. 1990). The rationale behind this

longstanding rule was expressed in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976):

> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

Accordingly, based on the foregoing facts and the applicable law, Defendant requests that this Court enter an order dismissing with prejudice Plaintiff's Complaint.

AMERICAN POWER CONVERSION CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax

**RULE 37 CERTIFICATE**

I, Gardner H. Palmer, Jr., counsel for Defendant, certify that in spite of good faith efforts to obtain compliance with the Court's December 9, 2005 Order and to obtain complete Answers to Interrogatories and responses to Request for Production of Documents, Defendant has been unable to obtain the discovery.

Gardner H. Palmer, Jr.

Date: December 21, 2005

**Natalie Gill Bartlett**
**vs.**
**American Power Conversion**
**Corporation, *et al.***
**C.A. No. 05-084 ML**

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 21st day of December, 2005.

Helena Amaral