**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Natalie Gill Bartlett** | : | |
| **Plaintiff** | : | |
| v. | : | **CASE: CA 05 084 ML** |
| **American Power Conversion Corporation** | : | |
| **Defendant** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT AMERICAN POWER CONVERSION CORPORATION'S MOTION TO DISMISS**

The plaintiff Natalie Gill Bartlett object's to the defendant's motion to dismiss C.A. No. 05-084 ML for the following reason's.

1. The plaintiff returned to full time employment during late September and and at this time is unable to spend the time that this case requires for proper continuation without legal assistance.

2. The plaintiff believes that she is not legally qualified to deal with the complexities with this case and his initiated a search for qualified legal assistance from an attorney experienced in Federal Court in employment law matters for the employee.

3. The defendant's Motion to Dismiss is somewhat misrepresentative in stating that the plaintiff failed to provide the court ordered responses to the stated interrogatories and the request for production item listed. The plaintiff

believes that the original answers provided to the defendant are adequate until the defendant more specifically defines what is required which was requested in her letter of December 20, 2005 to the defendant counsel. In addition the plaintiff believes that the answer for the Request for Production item is adequate and that the original request for this item is not applicable in this case.

4. Also important to the plaintiff's case is a proper response from the defendant to her letter of November 25, 2005 requesting additional responses to the plaintiff's Request for Interrogatories, Requests for Admission and Requests for Production of Documents. The plaintiff believes her letter and explanations regarding the importance and significance of the items requested does a much more thorough job than the defendant provided in their letter of December 19, 2005 to the plaintiff.

5. From defendant discovery response to the plaintiff first set of Interrogatories No. 16, it is evident through the certification of Mr. Brian Gough APC headquarters Director of Human Resources that he and three other APC corporate officials including the Chief Legal Counsel and Treasurer are willing to potentially perjure themselves in Court claiming no knowledge of the plaintiff personally handing the originals and their copies of these four letters which are considered critical items to the plaintiff's case by the plaintiff.

6. At this junction the plaintiff believes that she needs to request court orders to obtain numerous answers to discovery requests and certain documents that the defendant has refused to provide, which is another reason for the plaintiff's

need to try to secure outside legal counsel in order to handle these matters properly. The reason that the plaintiff has not made any effort to finalize outside legal assistance to this point was not being able to financially afford the cost of the work that has been done to this point.

7. In addition to the absurd allegations that the plaintiff was heard by APC employees that she carried a gun in her handbag, that she had connections to the RI mob and that she could have things taken care of , her deposition conducted on November 22 and November 23rd contained such absurdities as this question, "did you show your black laced panties to George Sirrine". The defendant has worn Depend type pads for at least the last 20 years due to physical complications related to the birth of two nearly 10 pound babies.

8. The defendant has not demonstrated any type of cooperation or good faith to the plaintiff by refusing to provide the proper responses to numerous items that the plaintiff believes are essential in support of her case.

In summary the plaintiff respectfully requests that the Court rule against the defendant's Motion to Dismiss, that the defendant be required to provide the discovery items requested in point number 4 and that the plaintiff be allowed to continue efforts to acquire outside legal counsel. If additional data is required the plaintiff will provide such and would appreciate the opportunity for a hearing regarding the defendant's quality of response to the plaintiff's discovery requests.

Natalie Gill Bartlett
v.
American Power Conversion Corporation
C.A. No. CA 05-084ML



Natalie Gill Bartlett pro se plaintiff

[signature]

45 Lakeside Drive
Narragansett, RI 02882
(401) 782-1398

Date: December 23, 2005

**CERTIFICATION**

Gardner H. Palmer,Jr.
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 23rd day of December, 2005

[signature]

Natalie G. Bartlett pro se plaintiff