**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT** <br> **Plaintiff** | : <br> : <br> : | |
| **VS.** | : | **C.A. No. 05-084 ML** |
| **AMERICAN POWER CONVERSION CORPORATION,** <br> **Defendant.** | : <br> : <br> : <br> : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, American Power Conversion Corporation ("APC"), pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56, opposes the Motion for Summary Judgment filed by Plaintiff Natalie Gill Bartlett. APC asks the Court for an Order denying Plaintiff's Motion because her motion is procedurally and substantively deficient.

In support of APC's Opposition, Defendant respectfully refers the Court to the accompanying Memorandum in Opposition, APC's Statement of Disputed Facts and APC's own Motion for Summary Judgment with its attached exhibits, all of which are made a part hereof.

AMERICAN POWER CONVERSION
CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr., Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
gpalmer@rodiobrown.com

Date: February 3, 2006

**Natalie Gill Bartlett**
**vs.**
**American Power Conversion Corporation, *et al.***
**C.A. No. 05-084 ML**

## CERTIFICATION

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 3rd day of February, 2006.

Helena Amaral

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **NATALIE GILL BARTLETT** **Plaintiff** : | |
| **VS.** : | **C.A. No. 05-084 ML** |
| **AMERICAN POWER CONVERSION CORPORATION,** **Defendant.** : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant American Power Conversion Corporation ("APC") opposes Plaintiff's Motion for Summary Judgment. Plaintiff cites to F.R.C.P. 56 in her Motion and to F.R.C.P. 12 in her Memorandum, but she neither follows the requirements of those rules, nor observes the newly enacted Local Rule 56 (LR Cv 56) relating to summary judgment motions.

APC's ability to respond to this Motion is hampered by the lack of clarity of the Motion itself and the failure to follow the applicable rules. The substance of Plaintiff's Motion, to the extent it is discernible, appears to be a motion seeking to punish APC for its discovery responses, not an argument that Plaintiff has proved her claims on their merits. For these and the reasons outlined below, APC respectfully asks the Court to deny Plaintiff's Motion for Summary Judgment. APC also relies on its Statement of Disputed Facts submitted herewith.

**ARGUMENT**

**1. Plaintiff's Motion for Summary Judgment should be denied because it does not comply with F.R.C.P. 56 or LR Cv 56.**

Rule 56 motions may be filed when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law on the party's claims or

defenses. A summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *F.R.C.P. 56.* The federal rule contemplates, and the local rule and case law require, that the moving party establish the undisputed facts by citation to record evidence. *LR Cv 56(a) (2); see, e.g. Hodgens v. General Dynamics*, 144 F.3d 151, 158 (1st Cir. 1998) (moving party is responsible for informing court in first instance of basis for motion and identifying portions of the record supporting absence of genuine issue of material fact). The federal and local rules spell out a detailed procedure for filing a Motion for Summary Judgment and the case law in this area is well-developed. Nevertheless, Plaintiff has filed a Motion for Summary Judgment that does not even minimally meet the requirements of the rules.

First, Plaintiff has not filed a separate Motion and Memorandum of Law, as required by LR Cv 7(a). Second, she has not filed a separate Statement of Undisputed Facts as required by LR Cv 56(a)(1).

In addition, the Statement of Material Facts that Plaintiff has incorporated into her combined Motion and Memorandum is deficient in many respects. The Statement of Material Facts does not "concisely" set forth the facts the Plaintiff contends are undisputed. *LR Cv 56(a)(1).* Plaintiff has not set forth each fact in a separately numbered paragraph. *LR Cv 56(a)(2).* Significantly, Plaintiff has not identified the evidence supporting each fact. *LR Cv 56(a)(2).* Most importantly, the bulk of Plaintiff's Statement of Material Facts does not contain facts at all. Rather, they contain Plaintiff's unsubstantiated beliefs, opinion and innuendo. Such matter cannot be the basis for

establishing the existence or absence of genuine issues of material fact. *Triangle Trading Co., Inc. v. Robroy Industries, Inc.*, 200 F.3d 1, 2 (1st Cir. 2000) (in opposing summary judgment, conclusory allegations, improbable inferences and unsupported speculation are insufficient to establish genuine issue of fact).

Because Plaintiff has failed to follow the required procedures for filing and supporting her Motion for Summary Judgment, the Court should deny the motion.

2. **The Court should deny Plaintiff's Motion for Summary Judgment because she does not support her motion with the law applicable to her case, nor has she presented legal argument that demonstrates she is entitled to judgment as a matter of law.**

Although Plaintiff asks the Court to grant summary judgment in her favor and award a year's salary plus other unspecified financial damages, she has not even attempted to set forth the undisputed facts that might entitle her to recover on any one of her five causes of action. She compounds that flaw with her failure to establish, or even argue, that the law entitles her to judgment. It is difficult to respond any more coherently to Plaintiff's Motion because of her complete failure to outline and address the facts and law that supposedly entitle her to summary judgment. If the Court deems this motion to present facts and argument pertaining to Plaintiff's five causes of action, APC asks the Court to consider APC's Motion for Summary Judgment in opposition to this motion and/or to allow APC to respond more fully in response to this motion.

3. **If Plaintiff's Motion for Summary Judgment is really a discovery motion, it should be denied for procedural and substantive reasons.**

Plaintiff starts off her Motion for Summary judgment with a contention that APC has failed "to respond in a cooperative and good faith manner to certain important points of the defendant's [sic?] discovery request . . ." Assuming that Plaintiff means

that APC has not responded in good faith to *Plaintiff's* discovery requests, it appears that Plaintiff is really asking the Court to enter judgment against APC for failure to comply with APC's discovery obligations.[1] If so, Plaintiff's motion should be denied because she has not filed a Motion to Compel with the Court testing APC's responses as contemplated by Rule 37.

On top of that, APC has responded in good faith to Plaintiff's discovery requests and, where APC has lodged objections to Plaintiff's requests, its objections are well-founded. Plaintiff wrote a letter to APC on November 25, 2005 in which she claimed that APC's responses to 6 of her 16 Interrogatories, 3 of her 17 Requests for Production and 8 of her 30 Requests for Admission were lacking.

APC responded to Plaintiff's November 25, 2005 letter request by serving a Supplemental Response to Request for Production in which APC attempted to clarify its position. As to Request No. 1 seeking APC's disciplinary policy, APC indicated it had provided the requested documentation and did not have other documents that Plaintiff thought it should have. As to Request No. 11, APC produced documents even though they were not covered by Plaintiff's request. As to Request No. 16, APC reasserted its initial objection, although it did produce a Human Resources memorandum prepared by Emily Mohrfeld relating to counseling for Cheryl Darcy's role in the lunchroom condom incident that Plaintiff reported to her supervisor.

APC also sent Plaintiff a letter responding to Plaintiff's concerns about APC's Admissions responses. APC set out the initial Requests for Admission, APC's Response, Plaintiff's letter request and APC's Supplemental Response for the 8 Requests

---

[1] Exactly what Plaintiff is asking for is debatable since her Requested Relief asks for a monetary award for the alleged "defamatory statements of defendant employees that maliciously maligned her personal character . . ."

that Plaintiff questioned. In each of the 8 cases, APC stood by its initial responses because it believes that its responses fairly and in good faith respond to the Requests.

Plaintiff also asked APC to reconsider six of its Interrogatory Answers. Although APC comprehensively responded to Plaintiff's Interrogatories (its Answers contain 28 pages), APC has served Plaintiff with Supplemental Answers on four of the six referenced Interrogatories (Nos. 5, 7, 10 and 16). APC stands by its original objection to No. 4, in which Plaintiff seeks detailed personnel information and disciplinary histories for 6 APC employees. As to Interrogatory No. 6, Plaintiff does not appear to be requesting additional information; rather, she simply states her disagreement with APC's answer.

If Plaintiff's Motion for Summary Judgment is deemed a Motion to Compel or some form of discovery motion, she has not identified the specific discovery requests she believes are deficient, although she refers generally to certain information she believes she is entitled to. If the Court considers this motion as a Motion to Compel or a discovery motion, APC asks that it be allowed to present further argument once the Plaintiff identifies the specific discovery requests she believes have not been adequately responded to.

## CONCLUSION

For the foregoing reasons and based on APC's Statement of Disputed Facts accompanying this Objection, APC asks the Court to deny Plaintiff's Motion for Summary Judgment. APC also asks the Court to consider APC's own Motion for Summary Judgment to the extent Plaintiff's motion is treated a s a substantive motion seeking disposition on the merits of Plaintiff's five causes of action.

**Natalie Gill Bartlett**
**vs.**
**American Power Conversion Corporation, *et al.***
**C.A. No. 05-084 ML**

AMERICAN POWER CONVERSION CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr., Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
gpalmer@rodiobrown.com

Date: February 3, 2006

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 3rd day of February, 2006.