UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TO: NATALIE GILL BARTLETT
RE: CA 05 – 84 ML
BARTLETT v. A.P.C.

## ORDER

I have reviewed your document(s) presented to the Clerk's Office on 3 / 29 / 06 and have made the following determination:

_____ I hereby direct the Clerk to file the document(s) in the form in which it was presented to the Court.

✓ Your document(s) are hereby refused and returned to you for the following reason(s):

_____ 1. Pleadings, motions, other papers are not signed. (Fed. R. Civ. P. 11(a)) (DRI LR Cv 5(a)(5)) (DRI LR Cr 57(a)(4)).

_____ 2. All motions and objections with accompanying memoranda must be filed in triplicate. (original and two copies) (DRI LR Cv 7 (c)).

_____ 3. Memorandum of law must accompany all motions and objections, with the exceptions of Motions to Compel and Motions to Extend Time. (DRI LR Cv 7 (a)).

_____ 4. New cases must be accompanied by:
a) Civil Cover Sheet (DRI LR Cv 5 (b));
b) Summons (Fed. R. Civ. P. 4(a), (b));
c) Filing fee of $250.00 (28 U.S.C. § 1914) or $5.00 for Petitions for Habeas Corpus filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

✓ 5. Papers will not be accepted for filing without Certification of Service. (DRI LR Cv 5.1(a)(1)) (Fed. R .Crim. P. 49).

_____ 6. Interrogatories and Answers or Objections thereto (Fed. R. Civ. P. 33), Initial Disclosures, Admissions, and Requests for Production, Responses, and Objections (Fed. R. Civ. P. 26(a), 34, and 36) shall NOT be filed with the Court. A party moving to compel (Fed. R. Civ. P. 37 (a)(2)), shall file all pertinent portions of discovery material with the motion and copies (DRI LR Cv 37(a)).

_____ 7. All Checks must be made payable to **Clerk, U.S. District Court**.

_____ 8. Motion to Appear Pro Hac Vice not in the proper form and/or does not include a check in the amount of $50.00 payable to Federal Board of Bar Examiners. (DRI LR Gen 204(d)).

_____ 9. Text of all memoranda in support of motions, objections, and replies shall be double-spaced and typed in at least 12-point font. (DRI LR Cv 7(d)(1) and Cr 47(d)(1)).

✓ 10. Other FAILURE TO COMPLY WITH DRI LR CIV 7 and 37

ENTER:
[signature]
United States Magistrate Judge

Date: 3/29/06

cc: Counsel of Record

**Natalie G. Bartlett** **45 Lakeside Drive, Narragansett, RI 02882**
**phone 401 - 782-1398** **email pchathamgrp@aol.com**

---

March 28, 2006

LINCOLN D. ALMOND
U.S. Magistrate Judge
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

RE: CA 05-084ML

Dear Judge Almond:

The purpose of this letter is to explain from the plaintiff's perspective the importance of the Motion to Compel forwarded today against the defendant who has repeatedly refused to provide data during discovery that the plaintiff believes to be critical in support of her case against the defendant.

The plaintiff believes that the defendant's requirement to provide the requested data will support proof of her claims of age and other discriminatory treatment when compared to other protected class members of her former work group in violation of Title VII, that her character was purposely defamed by untrue, alleged statements accorded to the plaintiff that served as the primary basis for termination and that the actions of three former members of the plaintiff's former work department were in collaboration to defame and slander her in support of their collaborated dishonesty alleged by the plaintiff in their statements which were the major issues in the defendant management decision to terminate her employment.

In support of these contentions of the plaintiff, the Motion to Compel includes as Exhibits No.s 1 (one) and 2 (two) plaintiff letters to defendant counsel of February 9, 2006 and February 16, 2006 which thoroughly explain the plaintiff's contentions and the importance of the requested, not provided discovery data. In addition provided as Exhibit 3 (three) are the statements of the three former plaintiff's work department employees making the alleged dishonest statements. Key portions of these statements are highlighted that provide support of the inconsistency and alleged dishonesty claimed by the plaintiff.

Exhibit No. 4 (highlights the lack of truth relative to the alleged statement of the plaintiff that she desired to take down an airliner as supported by the defendant outside counsel statement in the defendant response to the plaintiff's EEOC complaint. As highlighted in Exhibit 3 (three) this allegation is significantly