plaintiff that nothing could be done about Cheryl Darcy's continual impositions of sexually improper conversations on other department employees. The plaintiff believes that a provable collaboration existed between Penny Edwards and these three employees with whom she has a long term (more than five years) working relationship. It is interesting that none of the newer members that worked in the plaintiff's department during the second half of 2003 and the first four months of 2004 are cited as witnesses to any of the department problem creating behavior that the plaintiff is alleged to have caused.

**Supplemental Response No. 10:** Although Defendant believes it has responded fully to Interrogatory No. 10, Defendant provides the following additional information obtained from Cheryl Darcy: Most of the Accounts Receivable department used to have lunch together but Darcy cannot remember exactly who was seated at the table the day of the gun discussion. A former employee, Beau-Emory Lifsey, told the group at the table that Plaintiff not only told him that she carried a small handgun but she showed it to him. He went on to say that he and Plaintiff had discussions about knives also and she brought in to him a boxed knife that she thought he would like. Darcy recalls that the others seated at the lunch table chimed into the conversation in agreement that Plaintiff had also told them she carried a small handgun.

16. Please provide a specific statement from the appropriate APC management why the plaintiff's (4) letters written to APC superior management of



EXHIBIT 3.2.