**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT** Plaintiff | : | |
| | : | |
| **VS.** | : | **C.A. No. 05-084 ML** |
| | : | |
| **AMERICAN POWER CONVERSION CORPORATION,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant American Power Conversion Corporation objects to Plaintiff's Motion to Compel APC to provide further responses to Interrogatory Nos. 4, 4a, 4b and 5, and to Request for Production of Documents Nos. 1, 16 and 17. For the reasons stated in Defendant's accompanying Memorandum, Defendant respectfully asks the Court to deny Plaintiff's Motion to Compel.

AMERICAN POWER CONVERSION CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
gpalmer@rodiobrown.com

Date: April 11, 2006

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 14th day of April, 2006.

Helena Amaral

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT**<br>**Plaintiff**<br><br>**VS.**<br><br>**AMERICAN POWER CONVERSION CORPORATION,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **C.A. No. 05-084 ML** |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL**

Defendant American Power Conversion Corporation ("APC") opposes for procedural and substantive reasons Plaintiff's Motion to Compel APC to provide further responses to Interrogatory Nos. 4, 4a, 4b and 5, and to Request for Production of Documents Nos. 1, 16 and 17. Plaintiff's Motion fails to follows the requirements of Local Rule 37(a) (LR Cv 37) relating to motions to compel discovery responses and is untimely. Aside from the Motion's procedural faults, APC has either adequately answered each request or lodged valid objections to them. Accordingly, the Motion should be denied.

**I. Plaintiff's Motion to Compel is untimely.**

APC first responded to Plaintiff's Interrogatories, Request for Production of Documents and Request for Admissions in October 2005. APC served a Supplemental Document response on December 22, 2005. At Plaintiff's request, on January 19, 2006, Plaintiff served Supplemental Answers to Interrogatories even though, in most cases, APC did not believe Plaintiff was entitled to additional information. At a January 23, 2006 hearing before Magistrate Judge Almond on APC's Motion to Dismiss due to Plaintiff's failure to make discovery responses, Plaintiff attempted to bring forward issues she had with APC's discovery responses. The Court advised Plaintiff that the

issue was not properly before the Court and that Plaintiff should file an appropriate motion if she could not otherwise obtain the discovery she sought.

On January 24, 2006, Plaintiff wrote APC a letter which is difficult to comprehend, but arguably contests the adequacy of APC's responses and supplemental responses to Interrogatory Nos. 4, 5, 6b, 6c, 6e, 7 and 10, as well as Document Request Nos. 1 and 16. On February 3, 2006, APC wrote Plaintiff with further explanation of the reasons why APC believes its initial and supplemental discovery responses were adequate and its objections well founded. Although Plaintiff included her February 9, 2006 letter as an exhibit to her Motion, she did not include APC's February 3, 2006 or February 10, 2006 letters among the exhibits to her Motion. To complete the record, APC attaches copies of these letters as Exhibits A and B respectively. Plaintiff's February 16, 2006 letter failed to adequately address APC's objections.

Meanwhile, APC had filed a Motion for Summary Judgment on January 17, 2006. That Motion is pending. Although APC's position with respect to its discovery obligations has remained constant since October 2005, Plaintiff did not file a Motion to Compel until March 30, 2006, more than two months after APC filed its Motion for Summary Judgment and nine weeks after the Court's observation that Plaintiff needed to file an appropriate Motion if she wanted supplemental discovery responses. The Motion is untimely.

**II. Plaintiff's Motion to Compel fails to comply with Local Rule 37(a).**

Local Rule 37(a) requires a party moving to compel discovery to: "state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate." Plaintiff's Motion does not do this. As a

consequence, APC and the Court are deprived of seeing an accurate history of the disputed discovery in one convenient place. This prevents the Court from gaining a clear picture of the issues. The Court should deny Plaintiff's Motion to Compel for violating the procedural rules.

### III. APC has adequately responded to the discovery that Plaintiff seeks to compel either by way of answer or well-founded objection.

Plaintiff's Motion appears to seek further responses to Interrogatory Nos. 4, 4a, 4b and 5, and to Request for Production of Documents Nos. 1, 16 and 17. APC will do what Plaintiff failed to do and set forth each discovery request along with APC's initial and supplemental responses. We will then summarize applicable subsequent history.

#### 1. Interrogatory No. 4

4. During the period of October 2001 through May of 2004 please provide identification of any formal personnel file documented disciplinary action provided the present or former APC employees under APC Corporate Personnel Policy entitlement: George Sirrine, Cheryl Darcy, Mary Silvia, Beau Lifsey, Fran Wilcox and Sharon Bleisel [sic]. The date of the disciplinary action such as warnings, probation, or other formal disciplinary action in incident summary form without detail is adequate.

a. For George Sirrine, Cheryl Darcy and Sharon Bleisel [sic] please provide the date prior to October 2001 as well as a summation of the disciplinary action provided each regarding the tuna fish sandwich smashing in the face incident and the throwing of a punch and the name of the then employed APC employee/s [sic] that witnessed this event.

b. For Cheryl Darcy, in addition to the situation in point No. 4. a., please include any and all documentation or summary descriptions with dates regarding any type of counseling or warnings regarding all incidents of verbal sexual improprieties or conflicts with other department employees in addition to the data requested in point No. 4. a.

**Response No. 4:** Defendant objects to this Interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, is overly broad as to scope and time, is unduly burdensome and seeks employee information that is confidential. Defendant further objects because the Interrogatory is vague and ambiguous as to "entitlement," and "verbal sexual improprieties or conflicts with other department employees."

**Natalie Gill Bartlett**
**vs.**
**American Power Conversion**
**Corporation, *et al.***
**C.A. No. 05-084 ML**

**Plaintiff's November 25, 2005 Letter:** The information as requested in this interrogatory is important to the plaintiff and if the defendant is unwilling to provide such, the plaintiff will request a hearing before the judge regarding it. The requests in this interrogatory have important relevance to 1) discriminatory treatment of the plaintiff compared to other department members, 2) the existence of a hostile and sexually inappropriate work environment, 3) the existence of favoritism provided certain department employees regarding disciplinary matters, 4) the possibility of department and other APC management protection provided to certain employees to obtain slanderous and false statements regarding the plaintiff's character and alleged statements made by the plaintiff, 5) relationship to the undefined problems that APC management said that the plaintiff caused with others within the work environment.

**Supplemental Response No. 4:** Defendant stands by its initial response.

Plaintiff has narrowed her request to Darcy, Sirrine and McAleer. Plaintiff's Motion to Compel contends that the requested information is necessary to establish that Darcy, Sirrine and McAleer (who are in the same protected age class as Plaintiff) were treated differently than she was. Plaintiff contends that such information is necessary (in fact critical) to her age discrimination claim. APC has contended all along that, in addition to other objections relating to employee confidentiality, the requested information is not relevant for any articulated purpose.

In her Motion, Plaintiff writes:

> "Plaintiff believes that the requested information will support her age discrimination claim as well as components of Title VII where it is stated that members of a work group can not be treated differently than other members of that group which represents discriminatory treatment. In addition *all of the former co-workers for which data is requested are all members of the protected class under ADEA (age 40 and over)."* Plaintiff's Memo at p. 5 (emphasis added).

As further support for her Motion, Plaintiff writes:

> Provision of the requested data establishes the presence of potential discriminatory treatment of the plaintiff *as compared to* several other present and former employees of her work group, which when factually established violates the provisions of Title VII and ADEA *since all individuals for which the information is requested are members of the protected class (age 40 and over).* Plaintiff's Memo at p. 6 (emphasis added).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT** **Plaintiff** | : | |
| **VS.** | : | **C.A. No. 05-084 ML** |
| **AMERICAN POWER CONVERSION CORPORATION,** **Defendant.** | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant American Power Conversion Corporation objects to Plaintiff's Motion to Compel APC to provide further responses to Interrogatory Nos. 4, 4a, 4b and 5, and to Request for Production of Documents Nos. 1, 16 and 17. For the reasons stated in Defendant's accompanying Memorandum, Defendant respectfully asks the Court to deny Plaintiff's Motion to Compel.

AMERICAN POWER CONVERSION CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
gpalmer@rodiobrown.com

Date: April 11, 2006

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 14th day of April, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATALIE GILL BARTLETT<br>Plaintiff<br><br>VS.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-084 ML |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Defendant American Power Conversion Corporation ("APC") opposes for procedural and substantive reasons Plaintiff's Motion to Compel APC to provide further responses to Interrogatory Nos. 4, 4a, 4b and 5, and to Request for Production of Documents Nos. 1, 16 and 17. Plaintiff's Motion fails to follows the requirements of Local Rule 37(a) (LR Cv 37) relating to motions to compel discovery responses and is untimely. Aside from the Motion's procedural faults, APC has either adequately answered each request or lodged valid objections to them. Accordingly, the Motion should be denied.

I. **Plaintiff's Motion to Compel is untimely.**

APC first responded to Plaintiff's Interrogatories, Request for Production of Documents and Request for Admissions in October 2005. APC served a Supplemental Document response on December 22, 2005. At Plaintiff's request, on January 19, 2006, Plaintiff served Supplemental Answers to Interrogatories even though, in most cases, APC did not believe Plaintiff was entitled to additional information. At a January 23, 2006 hearing before Magistrate Judge Almond on APC's Motion to Dismiss due to Plaintiff's failure to make discovery responses, Plaintiff attempted to bring forward issues she had with APC's discovery responses. The Court advised Plaintiff that the

issue was not properly before the Court and that Plaintiff should file an appropriate motion if she could not otherwise obtain the discovery she sought.

On January 24, 2006, Plaintiff wrote APC a letter which is difficult to comprehend, but arguably contests the adequacy of APC's responses and supplemental responses to Interrogatory Nos. 4, 5, 6b, 6c, 6e, 7 and 10, as well as Document Request Nos. 1 and 16. On February 3, 2006, APC wrote Plaintiff with further explanation of the reasons why APC believes its initial and supplemental discovery responses were adequate and its objections well founded. Although Plaintiff included her February 9, 2006 letter as an exhibit to her Motion, she did not include APC's February 3, 2006 or February 10, 2006 letters among the exhibits to her Motion. To complete the record, APC attaches copies of these letters as Exhibits A and B respectively. Plaintiff's February 16, 2006 letter failed to adequately address APC's objections.

Meanwhile, APC had filed a Motion for Summary Judgment on January 17, 2006. That Motion is pending. Although APC's position with respect to its discovery obligations has remained constant since October 2005, Plaintiff did not file a Motion to Compel until March 30, 2006, more than two months after APC filed its Motion for Summary Judgment and nine weeks after the Court's observation that Plaintiff needed to file an appropriate Motion if she wanted supplemental discovery responses. The Motion is untimely.

## II. Plaintiff's Motion to Compel fails to comply with Local Rule 37(a).

Local Rule 37(a) requires a party moving to compel discovery to: "state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate." Plaintiff's Motion does not do this. As a

consequence, APC and the Court are deprived of seeing an accurate history of the disputed discovery in one convenient place. This prevents the Court from gaining a clear picture of the issues. The Court should deny Plaintiff's Motion to Compel for violating the procedural rules.

### III. APC has adequately responded to the discovery that Plaintiff seeks to compel either by way of answer or well-founded objection.

Plaintiff's Motion appears to seek further responses to Interrogatory Nos. 4, 4a, 4b and 5, and to Request for Production of Documents Nos. 1, 16 and 17. APC will do what Plaintiff failed to do and set forth each discovery request along with APC's initial and supplemental responses. We will then summarize applicable subsequent history.

#### 1. Interrogatory No. 4

4. During the period of October 2001 through May of 2004 please provide identification of any formal personnel file documented disciplinary action provided the present or former APC employees under APC Corporate Personnel Policy entitlement: George Sirrine, Cheryl Darcy, Mary Silvia, Beau Lifsey, Fran Wilcox and Sharon Bleisel [sic]. The date of the disciplinary action such as warnings, probation, or other formal disciplinary action in incident summary form without detail is adequate.

a. For George Sirrine, Cheryl Darcy and Sharon Bleisel [sic] please provide the date prior to October 2001 as well as a summation of the disciplinary action provided each regarding the tuna fish sandwich smashing in the face incident and the throwing of a punch and the name of the then employed APC employee/s [sic] that witnessed this event.

b. For Cheryl Darcy, in addition to the situation in point No. 4. a., please include any and all documentation or summary descriptions with dates regarding any type of counseling or warnings regarding all incidents of verbal sexual improprieties or conflicts with other department employees in addition to the data requested in point No. 4. a.

**Response No. 4:** Defendant objects to this Interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, is overly broad as to scope and time, is unduly burdensome and seeks employee information that is confidential. Defendant further objects because the Interrogatory is vague and ambiguous as to "entitlement," and "verbal sexual improprieties or conflicts with other department employees."

**Plaintiff's November 25, 2005 Letter:** The information as requested in this interrogatory is important to the plaintiff and if the defendant is unwilling to provide such, the plaintiff will request a hearing before the judge regarding it. The requests in this interrogatory have important relevance to 1) discriminatory treatment of the plaintiff compared to other department members, 2) the existence of a hostile and sexually inappropriate work environment, 3) the existence of favoritism provided certain department employees regarding disciplinary matters, 4) the possibility of department and other APC management protection provided to certain employees to obtain slanderous and false statements regarding the plaintiff's character and alleged statements made by the plaintiff, 5) relationship to the undefined problems that APC management said that the plaintiff caused with others within the work environment.

**Supplemental Response No. 4:** Defendant stands by its initial response.

Plaintiff has narrowed her request to Darcy, Sirrine and McAleer. Plaintiff's Motion to Compel contends that the requested information is necessary to establish that Darcy, Sirrine and McAleer (who are in the same protected age class as Plaintiff) were treated differently than she was. Plaintiff contends that such information is necessary (in fact critical) to her age discrimination claim. APC has contended all along that, in addition to other objections relating to employee confidentiality, the requested information is not relevant for any articulated purpose.

In her Motion, Plaintiff writes:

> "Plaintiff believes that the requested information will support her age discrimination claim as well as components of Title VII where it is stated that members of a work group can not be treated differently than other members of that group which represents discriminatory treatment. In addition *all of the former co-workers for which data is requested are all members of the protected class under ADEA (age 40 and over)."* Plaintiff's Memo at p. 5 (emphasis added).

As further support for her Motion, Plaintiff writes:

> Provision of the requested data establishes the presence of potential discriminatory treatment of the plaintiff *as compared to* several other present and former employees of her work group, which when factually established violates the provisions of Title VII and ADEA *since all individuals for which the information is requested are members of the protected class (age 40 and over).* Plaintiff's Memo at p. 6 (emphasis added).

Plaintiff's Motion relative to Interrogatory Nos. 4, 4a and 4b reflects a fundamental misunderstanding and misapplication of the law relating to age and other discrimination. APC has pointed this out to Plaintiff, along with record citations to Plaintiff's own testimony, and has urged her to explain how such information is relevant to the dispute. As APC wrote to Plaintiff in its February 3rd letter (Exhibit A):

> You appear to contend that the disciplinary histories of Cheryl Darcy, Dorothy McAleer and George Sirrine are relevant to your claim because they were allegedly the "primary originators" of the defamatory information that APC relied on in terminating you. Your defamation claim is stated against APC, not Darcy, McAleer and Sirrine. We do not see the relevance of your co-workers' disciplinary history to your defamation claim against APC.
>
> Perhaps you can explain how knowing the disciplinary histories of Cheryl Darcy, Dorothy McAleer, George Sirrine and any other co-workers to whom your letter might be referring helps you prove any of your substantive discrimination claims. It is not enough to show that a co-worker may have received different treatment than you. You must also show that the people and situations were similar in all relevant respects and you must show that any dissimilar treatment was because of your membership in some protected class. Your co-workers are all in the same age protected class as you are. And you have testified under oath that any "retaliation" you experienced was due to your challenge of APC management, not because of any protected activity you engaged in. Since you do not disclose the "specific situations" about which you allegedly have knowledge, it is difficult to respond more fully.
>
> To the extent you seek information about discipline of Cheryl Darcy for the alleged sexual impropriety you reported (the lunchroom condom incident), we have produced the Emily Mohrfeld Memo indicating that she was counseled for her conduct.
>
> On the state of the record, we do not see how you can establish the relevance of these disciplinary histories, if any even exist. Nevertheless, if you can show that your co-workers were involved in situations that are similar in all relevant respects to your situation and articulate how, in light of the existing record, your co-workers' treatment in those similar situations supports your age or retaliation claims, we will reconsider our position.

Plaintiff has not provided any justification, either in her correspondence to counsel or this Motion, for production of the requested information. APC believes its objections to

producing the requested information are well founded. The requested information is not relevant to any of Plaintiff's claims. APC asks the Court to deny the motion as to Interrogatory Nos. 4, 4a and 4b.

2. **Interrogatory No. 5**

5. Please provide the specific reasons why the plaintiff was not afforded any entitlements or protection under APC Corporate Personnel Policy, APC Corporate Code of Ethics & Business Conduct and other APC policies designed to address employment entitlements protected under the provisions of Title VII and ADEA.

**Response No. 5:** Defendant objects to this Interrogatory because it assumes facts that have not been established. Defendant further objects because the Interrogatory is vague and ambiguous as to the specific entitlements and protections Plaintiff believes she was entitled to but not afforded under the referenced APC policies. Notwithstanding and without waiving the objection, Defendant denies that Plaintiff was not afforded any entitlements or protection under APC policies.

**Plaintiff's November 25, 2005 Letter:** The defendant's answer is evasive in nature and does not address the question of why the plaintiff was not entitled to the portion of APC Corporate Personnel Policy regarding employee disciplinary action for the yet undefined problems with others that the plaintiff is alleged to have caused. Defendant has not yet provided the requested detailed Corporate Personnel Policy regarding employee disciplinary action which is important to the plaintiff's belief that she was discriminated against as compared to several other department members having committed much more severe offenses compared to the unproven ones to which the plaintiff is accused to have committed.

**Supplemental Response No. 5:** In accordance with APC's Corrective Action policy, progressive discipline is not guaranteed and is not used in every case. APC follows a progressive disciplinary process when it is in the best interest of APC, the employee, and other employees within the organization. In this case, Mrs. Bartlett met with her supervisor, her supervisor's supervisor and with representatives of Human Resources on several occasions on and after March 22, 2004 to discuss Mrs. Bartlett's conduct and her improper and hostile response to her supervisors. The seriousness of Mrs. Bartlett's conduct and the disruption she caused within her department warranted termination. Her hostility and degree of disruptiveness increased throughout this period; and the combination of threats regarding having a terrorist take down a plane, reports of a handgun and expressions of concern by co-workers made the situation too tenuous for the company to risk a drawn out disciplinary process.

Penny Edwards, Mrs. Bartlett's supervisor, was also concerned, based on the forcefulness of Mrs. Bartlett's response to her performance review, her aggressive approach in meetings with management and Human Resources and her threatening response to the handbag search, that issuing a warning to Mrs. Bartlett could provoke

her into an even more hostile response. Because of the volatility of Mrs. Bartlett's conduct during this time frame, APC decided that termination was appropriate.

Plaintiff's Memo fails to set out APC's supplemental response, yet argues to the Court that APC "has improperly evaded a meaningful reply and refuses to specifically answer plaintiff's Interrogatory No. 5.". Since Plaintiff did not provide the supplemental response to the Court, APC has provided it above. APC contends that its initial and its supplemental responses to Interrogatory No. 5 adequately respond to the question. Plaintiff's real problem with APC's answer does not relate to its responsiveness. Instead, Plaintiff simply disagrees with the response and wants the Court to tell APC to change its answer to one more palatable to Plaintiff.

For reasons that APC cannot understand, Plaintiff also refuses to let go of the notion that APC is withholding a document that she says details how APC managers are to implement its Corrective Action Policy. Plaintiff notes that she has asked for the document four times. APC produced its Corrective Action Policy to Plaintiff in its initial document production on October 20, 2005 in response to Document Request No. 1 (discussed *infra*). Each time Plaintiff has requested the document, APC has told Plaintiff that no such document exists. Plaintiff remains undeterred.

Plaintiff has repeatedly insisted that a document detailing how the Corrective Action Policy is to be implemented "must" exist and accuses APC and counsel of attempting to suppress information. As support, Plaintiff does not say that she has seen such a document or that she has independent knowledge of its existence. Rather, she pontificates that "Of more than 1,000 U.S. public and private corporations with annual revenue above the one billion dollar level, if APC does not have such a policy, they may be the only exception." Plaintiff's Memo at p. 11. APC cannot speak to the 1,000

corporations Plaintiff alludes to, but APC repeats that it does not have any such document. Plaintiff's persistence in the face of multiple statements to this effect borders on harassment and abuse.

3. **Document Request No. 1**

1. A copy of the APC Corporate Personnel Policy covering the specific disciplinary action procedures for implementation with employees, both exempt and non-exempt (hourly paid) when those employees have been designated as having or causing problems that qualify them as candidates for termination of employment.

**Response No. 1:** Defendant objects to this Request because it is vague and ambiguous. Notwithstanding and without waiving the objection, Defendant produces documents with Bates Nos. 1 to 8, which Defendant believes to be generally responsive to the Request as understood.

**Plaintiff's November 25, 2005 Letter:** Defendant's response is inadequate, the corrective discipline copies provided are only an outline of the process. Plaintiff requests a copy of the detailed instructions covering the handling of corrective discipline covering the administration of warning and probation, discussion of seriousness of offenses, employee tenure relationships to disciplinary actions and management or supervisory handling of situations where no prior documentation of poor performance or problematic behavior exist for an employee. This is an important item in this case and it is inconceivable that a corporation the size of APC would not have what is requested. Due to lack of "good faith" effort for this item, if what is requested is not provided, it will become a matter included in a special hearing request before the Judge.

**Supplemental Response No. 1:** Plaintiff asked for the APC corporate personnel policy covering disciplinary action procedures. APC produced its Corrective Discipline policy. APC stands by its response. Moreover, APC does not have the type of document that you are referring to.

As clearly stated in APC's supplemental document response served in December 2005: "APC does not have the type of document that you are referring to." We do not know how to state the issue more plainly.

4. **Document Request No. 16**

16. Copies of any documents regarding Cheryl Darcy's improper sexual related behavior including any documents covering the tuna fish sandwich smashing in face incident.

**Response No. 16:** Defendant objects to this Request because it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential employee information, is overly broad and unduly burdensome. Defendant further objects to the Request as phrased because it assumes that Ms. Darcy engaged in improper sexual related behavior and is otherwise vague and ambiguous.

**Plaintiff's November 25, 2005 Letter:** Since Cheryl Darcy appears to be a significant witness regarding statements alleged to be made by the plaintiff, causing problems with others, the request for the tuna fish sandwich and punch throwing incident and any other disciplinary type warnings documentation regarding Cheryl are important items in this case and if not provided, will be requested in a hearing requested before the judge. In earlier admissions in the Defendant's responses Ms. Darcy is confirmed to have been involved in improper sexual related behavior.

**Supplemental Response No. 16:** Defendant stands by its response.

Plaintiff again sought a further response to this Request by letter dated January 24, 2006. APC responded as follows:

> We assume that the reference in your second to last paragraph pertaining to Cheryl Darcy means to specify Document Request No. 16. We have discussed above in our response to your request relating to Interrogatory No. 4 why we do not believe documents relating to Cheryl Darcy are relevant, with the possible exception of the Emily Mohrfeld Memo relating to your report of the lunchroom condom incident. We have already produced that document to you. As for the tuna fish sandwich incident, we do not believe that incident is relevant to any of your claims. It occurred long before you were ever at APC, did not involve you in any way and your understanding of it is based on hearsay.

APC has already produced to Plaintiff the only document that has any relevance to this proceeding. That document is a Memo prepared by Emily Mohrfeld pertaining to the only report of sexual impropriety that Plaintiff lodged against Ms. Darcy. Plaintiff did not report any other "improper sexual related behavior" to management. Plaintiff has failed to explain how other documents relating to Ms. Darcy's alleged "improper sexual related behavior", if any even exist, has any relevance to any of Plaintiff's claims.

In deposition testimony, Plaintiff has conceded that the tuna fish sandwich incident that she cites as evidence of a hostile work environment did not involve her and took place before her arrival at APC. Her understanding of the event is erroneous and is based on inadmissible hearsay. In any event, the incident occurred in June 1997, years before Plaintiff began working at APC. This incident, even as incorrectly understood by Plaintiff, is not evidence that Plaintiff was subjected to a hostile work environment. It is simply not relevant to this matter and, even if it might at one time and under other circumstances have had marginal relevance, it is so remote in time (nearly 7 years from Plaintiff's termination), that it is not discoverable.

5. **Document Request No. 17**

17. Copies of any documents regarding George Sirrine [sic] improper actions in the smashing of the tuna fish sandwich in face incident and throwing of the punch at an APC employee.

**Response No. 17:** Defendant objects to this Request because it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks confidential employee information, is overly broad as to scope and time and is unduly burdensome.

Plaintiff has not previously identified this request among those for which she seeks additional information. She has not described any legitimate basis for how the request is relevant to any of her claims. APC incorporates its argument with respect to Document Request No. 16 here. The documents simply are neither relevant nor reasonably calculated to lead to the discovery of admissible information.

IV. **Conclusion**

Plaintiff's Motion to Compel should be denied because it is untimely, procedurally defective and seeks information and/or documents that are beyond the scope of discovery. This is especially so in light of the well-developed summary

judgment record and Plaintiff's misplaced understanding of the elements of her legal claims. For the foregoing reasons, APC asks the Court to deny Plaintiff's Motion to Compel.

AMERICAN POWER CONVERSION
CORPORATION
By its Attorneys,

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
gpalmer@rodiobrown.com

Date: April 11, 2006

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 14th day of April, 2006.

Helena Amaral