[illegible] STREET
PROVIDENCE, RHODE ISLAND [illegible]
TELEPHONE: 401-274-4040
FACSIMILE: 401-274-4099
WWW.RODIOBROWN.COM

Gardner H. Palmer, Jr.
gpalmer@rodiobrown.com

Rodio & Brown, Ltd.
COUNSELLORS AT LAW

February 10, 2006

**By Email and Regular Mail**

Mrs. Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

Re: *Bartlett v. American Power Conversion Corporation, C.A. No. 05-084 ML*

Dear Mrs. Bartlett:

This letter responds to your February 9, 2006 letter. Although your response consumes eight pages, I could not find where you address the question I asked in order to determine if APC ought to withdraw its objections to Interrogatory No. 4 and Request for Production No. 16. In my February 3rd letter, I stated:

> On the state of the record, we do not see how you can establish the relevance of these disciplinary histories, if any even exist. Nevertheless, if you can show that your co-workers were involved in situations that are similar in all relevant respects to your situation and articulate how, in light of the existing record, your co-workers' treatment in those similar situations supports your age or retaliation claims, we will reconsider our position.

To be relevant to your case, any such situations must be similar in all relevant respects to the situations where you claim you were treated differently *and* you must be able to establish that the reason you were treated differently was due to your membership in some protected class or your participation in some protected activity. Please keep in mind that you have already acknowledged that the co-workers about whom you seek disciplinary histories are *in the same protected age class as you*. Please also keep in mind that you have testified under oath that you were retaliated against for challenging Penny Edwards relating to your dispute over your March 22, 2004 Performance Appraisal and Edwards' management style, *and for no other reason. Bartlett Deposition, 11/28/05 p. 16, l. 10 - p. 17, l. 15.* Thus, even if you were treated differently than your co-workers, I do not see how you can establish that your treatment relates to your protected class or protected activity.

Although you have repeatedly stated that you know of situations where your co-workers received disciplinary action, I cannot recall that you have identified any specific situations (with the exception of the tuna fish sandwich incident). Please identify the specific situations you believe demonstrate your differential treatment *and* please state how

Mrs. Natalie Gill Bartlett
February 10, 2006
Page 2

this allegedly differential treatment was based on your age or was done in retaliation for challenging your manager (which is not protected activity).

As for the remainder of your letter, our prior responses stand. Please let me know if you would like to discuss any issues relating to this matter.

Very truly yours,

Gardner H. Palmer, Jr.

GHP, Jr.

cc: Jeffrey Giguere, Esq.