UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATALIE GILL BARTLETT | : | |
| | : | |
| v. | : | C.A. No. 05-84ML |
| | : | |
| AMERICAN POWER CONVERSION CORPORATION | : | |
| | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination are Plaintiff's Motion to Compel (Document No. 28) and Motion Requesting a Court Order (Document No. 31). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on May 8, 2006. For the reasons summarized below, Plaintiff's Motions are GRANTED in limited part and otherwise DENIED.

**Background**

This litigation arises out of the termination of Plaintiff's employment by Defendant American Power Conversion Corp. ("APC"). Plaintiff's pro se Complaint alleges: (1) wrongful termination; (2) age discrimination; (3) hostile work environment; (4) whistleblower retaliation; and (5) defamation of character. Discovery closed on November 30, 2005, and both parties filed timely motions for summary judgment on January 17, 2006.

**Discussion**

Both in her response to APC's opposition (Document No. 32) and at the hearing, Plaintiff significantly narrowed the items in dispute. First, Plaintiff seeks a copy of the personnel file of her former co-worker, Cheryl Darcy, covering the four-year period ending with the date of Plaintiff's termination. Since Plaintiff was terminated on May 10, 2004, she is seeking the contents of Darcy's

APC personnel file from May 10, 2000 through May 10, 2004. Second, Plaintiff seeks a copy of an APC Corporate Personnel Policy directing management regarding the administration of employee disciplinary action. Alternatively, Plaintiff requests certification from APC's Director of Human Resources, Brian Gough, that no such policy exists.

**A. Darcy Personnel File**

Plaintiff did not specifically request a complete copy of Darcy's "personnel file" in her discovery requests. Rather, she requested "identification" of documented disciplinary action taken against Darcy (Interrogatory No. 4)[1] and production of "any documents regarding...Darcy's improper sexual related behavior including any documents covering the tuna fish smashing in face incident" (Request for Production No. 16).

Plaintiff contends that Darcy was given "protected status" after the tuna incident involving another co-worker, George Sirrine. Plaintiff claims that, due to this "protected status," she was the target of retaliation after she made a complaint against Darcy to APC Management in March 2004. Plaintiff's complaint arose out of an incident where Darcy allegedly threw a condom on a lunchroom table in front of co-worker Fran Wilcox. Darcy apparently made a comment at the time which she described as a joke and Plaintiff complained was offensive to her.

While this Court makes no finding as to the weight of Plaintiff's retaliation claim, she has made sufficient allegations at this stage to warrant some discovery of Darcy's personnel records. See Fed. R. Civ. P. 26(b)(1). Accordingly, consistent with Plaintiff's narrowing of her discovery

[1] Interrogatory No. 4 also related to several other former co-workers of Plaintiff. However, Plaintiff narrowed her request to only Darcy at the hearing and Interrogatory No. 4 is deemed withdrawn as to all but Darcy. Similarly, Request for Production No. 17 directed to co-worker George Sirrine is also deemed withdrawn, given Plaintiff's narrowing of her request to Darcy.

requests, APC shall provide a supplemental response to Interrogatory No. 4 as to Darcy for the period May 2000 through May 2004, and a supplemental response to Request for Production No. 16 for the same time period.

**B. APC Corporate Personnel Policy**

Plaintiff's Interrogatory No. 5 and Request for Production No. 1 relate to a claimed APC Corporate Personnel Policy. APC has produced its Corrective Discipline policy to Plaintiff and has repeatedly informed her that it does not have an additional corporate policy dealing with administration of disciplinary action. At the hearing, Plaintiff offered no factual basis for her claim that such a policy exists. Plaintiff simply "finds it hard to believe" that one does not exist. That is simply not a sufficient basis on which to grant Plaintiff's Motion to Compel or her Request for a Court Ordered Certification. The Court accepts the representation of Defendant's counsel, as an officer of the Court, that no such policy exists.

**C. Conclusion**

For the foregoing reasons, Plaintiff's Motion Requesting a Court Order (Document No. 31) is DENIED, and her Motion to Compel (Document No. 28) is GRANTED in limited part as noted above and otherwise DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
May 9, 2006