**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Natalie Gill Bartlett** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CASE: CA 05 084 ML** |
| | : | |
| | : | |
| **American Power Conversion Corporation** | : | |
| **Defendant** | : | |

**PLAINTIFF'S REQUEST FOR COURT ORDER TO REQUIRE DEFENDANT (AMERICAN POWER CONVERSION CORPORATION) TO PROVIDE ADDITIONAL INFORMATION IN SUPPORT OF PLAINTIFF'S COMPLAINT**

**PURPOSE OF THE REQUESTED COURT ORDER**

The plaintiff contends from her perspective that the Discovery process was not successful in the provision of adequate information required to support her Complaint and the related Contentions of Fact that she desires to move forward.

While the plaintiff made good faith effort to answer all Discovery questions thoroughly and properly and followed the Court's procedures for provision of separate, detailed explanation for items requested by the defendant to which she objected. This courtesy was not returned by the Defendant.

Instead the Defendant elected to avoid answering the vast majority of the Plaintiff's Discovery requests more than 80 (eighty) times by stating these reasons: compound, vague and ambiguous; calls for legal conclusions and is argumentative; seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; overly broad and unduly burdensome.

The plaintiff chose not to use any similar answers to the Defendant's Discovery questions finding the majority of the Defendant's responses as judgmental and evasive.

This requested Court Order will focus primarily upon obtainment of additional data related to information contained in the Defendant's Supplemental Response To First Request For Production of Documents forwarded to the plaintiff on December 22, 2005 and to the Defendant's Supplemental Response To First Set Of Interrogatories Of Plaintiff forwarded on January 19, 2006. In addition the requested Court Order mentions several other items that the plaintiff believes to have potential relevance in Contention of Fact to support her Complaint.

**Court Order for Items #1a., 1b. and 1.c. Requested for Court Approval**

Item #1.a. That Defendant obtain a certified statement from former employee, Emory Lifsey, that the plaintiff, Natalie Bartlett did or did not show him a handgun that she carried in her handbag.

Item #1.b. That Emory Lifsey did or did not tell Cheryl Darcy that the plaintiff, Natalie Bartlett showed him a handgun that she carried in her handbag.

Item #1.c. That Cheryl Darcy provide a certified statement naming the other APC employees present at the lunch table who chimed in agreement that the plaintiff, Natalie Bartlett had also told them that she carried a handgun in her handbag.

**Plaintiff's Contention of Fact for Items 1.a, 1.b. and 1.c.**

Since the statement of Cheryl Darcy highlighted in Exhibit #1 appears to have been the primary alleged statement of the Defendant regarding the plaintiff's carrying of a handgun in her handbag and her alleged connections to Rhode Island organized crime, and the related threatening comments alleged to have been heard by

employees of her former work group other than George Sirrine and Dorothy McAleer (highlighted as mentioned in Exhibit No. 2.a.).

The plaintiff contends that the Cheryl Darcy statement is a lie, based upon an alleged conversation with Emory Lifsey whose employment at APC had been terminated more than one year prior to the termination of the plaintiff's employment. This fact supports the questionable validity of the alleged statements occurrence as well as Ms. Darcy's statement comments that the alleged plaintiff's statement was overheard by other APC employees.

Establishment of the truth regarding items 1.a., 1.b. and 1.c. as requested for Court approval, are believed by the plaintiff as important items in her Complaint, since the majority of the Defendant's allegations made against the plaintiff regarding the problems that she caused with other employees of her work department factually had to originate from the alleged event in the Cheryl Darcy statement.

Establishment of the questionable validity of this alleged statement of the plaintiff is particularly critical since it and other related statements of Cheryl Darcy, George Sirrine and Dorothy McAleer, highlighted in Exhibit no.2 served as the primary basis for APC's management decision to terminate the plaintiff's employment.

Natalie Gill Bartlett
v.
American Power Conversion Corporation
C.A. No. 05-084ML



**Court Order for Item #2 Requested for Court Approval**

Item #2. Plaintiff requests that the Defendant be required to provide the names of all other APC employees alleged to have overheard the plaintiff's comments as alleged and highlighted in Exhibit No. 2.a., identifying by name each employee for each comment alleged to have been overheard.

**Plaintiff's Contention of Fact for Item #2**

If the defendant is unable to name any other employees than Cheryl Darcy, George Sirrine and Dorothy McAleer as inferred in Exhibits #2, then it can be concluded that no other witnesses to the plaintiff's alleged comments exist, which supports the existence of false statements made by Cheryl Darcy and Dorothy McAleer as highlighted in these Exhibits. The twisting of the facts by Dorothy McAleer regarding the plaintiffs desire to take down an airliner, (highlighted in Exhibit No. 2.b., is validated as a misrepresentation by the Exhibit No.3 statement of APC outside counsel handling their EEOC case response., (highlighted as footnote #2 on page 3 of November 2, 2004 document).

**<u>Court Order for Item #3 Requested for Court Approval</u>**

Item #3. That the Defendant be required to provide a summary chart of any Formal Disciplinary Action provided the following employees under provision of the APC Corrective Discipline Procedure: George Sirrine, Cheryl Darcy, Mary Silvia, Emory Lifsey, Frances Wilcox and Deborah Robar. (This information previously requested for George Sirrine and Cheryl Darcy regarding the tuna fish smashing in the face and punch throwing incidents was previously refused by the Defendant stating that it occurred sometime prior to the plaintiff's employment and therefore did not have relevance to her situation).

The plaintiff disagrees with this reason and believes that it does have relevance of significance to her situation regarding discriminatory treatment afforded her as compared to other APC employees in the administration of APC's Corrective Discipline Procedure.

Examples of the summary chart, its headings and content that the plaintiff requests is provided here:

| **Employee Name** | **Incident Description** | **Formal Disciplinary Action Taken/Date** |
|---|---|---|
| George Sirrine | tuna fish smashing in face and punch throwing | ? |
| Deborah Robars | threatening to run over Karena Burnham in employee parking lot | ? |
| Emory Lifsey | inebriation at work | employment termination |
| Mary Silvia | performance | multiple formal warnings during 2002 through 2004, employment termination |
| Natalie Bartlett | causing problems with others | employment termination |

**Plaintiff's Contention of Fact for Item #3**

Plaintiff contends that she was singled out and treated differently than several other (age 40 and over) APC employees in violation of discrimination provisions of Title VII and ADEA. The plaintiff believes that this item is relevant to her complaint because the decision to terminate her employment was primarily based upon alleged, unproven as fact, serious problems she was cited as causing with certain members of her former APC work department.

In addition, if the Defendant claims that the plaintiffs alleged hostile attitude and manner was also a factor in management's decision to terminate, the defendant should come forward with the specifics of the alleged hostility or be justifiably subjected to the charge that she was treated differently than other present and former APC employees in employee disciplinary procedure administration which represents discriminatory treatment.

The plaintiff further believes that she was retaliated against by APC management for challenging her 2003 annual performance appraisal, the gun in handgun accusation handling, and for the letters that she wrote to APC management during March and April 2004 that challenged their actions taken with her prior to termination which she believed to be her right as an APC employee.

**Plaintiff Additional Request for Court Approval**

The plaintiff requests Court approval to amend her Motion for Summary Judgment against the Defendant should any new information provided as a result of this Court Order request have relevance to her Contentions of Fact made against the Defendant.

**Plaintiff Summary Contentions**

The plaintiff contends that this Court Order request is necessary to supplement information provided by the Defendant during Discovery which she believes can properly be characterized for the most part as on obstacle to the investigation of truth.

The plaintiff further contends that the Defendant brought forward a malicious, intentional attack upon her personal character and integrity which was based upon the lies of Cheryl Darcy, George Sirrine and Dorothy McAleer in collaboration with their department manager, Penny Edwards. The personal statements of these individuals are all challenged as lies until determined not to be.

If this matter proceeds forward to trial for resolution, the plaintiff intends to prove through witnesses called that the decision to terminate her employment and the related actions by management was based primarily upon statements provided by Cheryl Darcy, George Sirrine and Dorothy McAleer, as employees (agents) of American Power Conversion Corporation, all with personal integrity and character flaws which has been previously cited by the plaintiff during this Complaint's proceedings.

Natalie Gill Bartlett pro se plaintiff

45 Lakeside Drive
Narragansett, RI 02882
(401) 782-1398

Date: August 5, 2006

**CERTIFICATION**

Gardner H. Palmer,Jr.
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 5th day of August, 2006.

Natalie Gill Bartlett pro se plaintiff