**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATALIE GILL BARTLETT** **Plaintiff** | : | |
| **VS.** | : | **C.A. No. 05-084 ML** |
| **AMERICAN POWER CONVERSION CORPORATION,** **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST FOR COURT ORDER TO REQUIRE DEFENDANT TO PROVIDE ADDITIONAL INFORMATION**

Defendant American Power Conversion Corporation ("APC") opposes for procedural and substantive reasons Plaintiff's Request for Court Order to Require Defendant to Provide Additional Information in Support of Plaintiff's Complaint. More than eight months after discovery closed (on November 30, 2005), Plaintiff, Natalie Bartlett, is asking the Court to require APC to answer new discovery requests. She also asks the Court to order APC to provide further responses to discovery requests that the Court previously denied or that Plaintiff stipulated were withdrawn.

Plaintiff makes these requests by way of a motion which, itself, comes eight months after the December 10, 2005 deadline to file discovery motions. The Request is untimely and improperly seeks to reopen discovery. It also seeks to revisit issues that have long been resolved by court order or stipulated waiver. For these reasons alone, the motion should be denied. But the motion should be denied for other reasons as well.

**Plaintiff's Items 1a, 1b and 1c**

In what Plaintiff identifies as Items 1a, 1b and 1c, she seeks two certified statements from an APC former employee, Emory Lifsey, and one certified statement from a current APC employee, Cheryl Darcy, each pertaining to an allegation that Plaintiff carried a handgun in her handbag. Neither Lifsey nor Darcy is a defendant in the action, and APC has no ability to compel certified statements from either one, even if it were appropriate to do so.

Moreover, the statements Plaintiff seeks are irrelevant to this employment dispute between the parties. In her Complaint, Plaintiff asserts (a) wrongful termination; (b) age discrimination; (c) hostile work environment; (d) retaliation for whistleblowing; and (e) defamation, libel and slander of character. Plaintiff was terminated in March 2004. Part of the basis for her termination was Plaintiff's inability to interact properly with her co-workers and management. Shortly before her termination, Darcy reported to APC that Plaintiff had claimed to carry a handgun in her handbag. Darcy's report is undisputed and is attached to Plaintiff's Request as Exhibit 2a. Plaintiff's improper reaction to APC's investigation into the report was one of the reasons she was terminated.

Item 1 of Plaintiff's new and belatedly lodged discovery requests focuses on whether Plaintiff actually showed Lifsey a handgun and whether Lifsey told Darcy that Plaintiff showed him a handgun. Even if it was appropriate and possible for APC to obtain certified statements from former and current employees, Plaintiff was not terminated because it was alleged that she *carried* a gun; her *threat* to her supervisor after her handbag was searched for a handgun *was* a factor in her termination. In the

context of this employment case, what Plaintiff showed Lifsey or what Lifsey told Darcy is irrelevant to the undisputed fact that Darcy reported to APC that Bartlett had indicated that she carried a handgun.

In short, as Plaintiff acknowledges, she seeks to prove that Darcy's report to APC was a lie. But whether it was or was not a "lie" does not alter APC's right to investigate the report. Nor does it justify Plaintiff's unwarranted overreaction to the search and her threat to her supervisor. Quite simply, what Plaintiff showed Lifsey and what Lifsey told Darcy does not have anything to do with the substance of Plaintiff's Complaint or APC's defense. *See, e.g., Ronda-Perez; Mercedes A. Quesada-Rodriguez v. Banco Bilbao Vizcaya Argentaria-Puerto Rico,* 404 F.3d 42, 45 (1st Cir. 2005) ("The question is not whether plaintiff's or his fellow employees' version is the true one, but whether Frías and his superiors believed what he had been told by those he interviewed."); *Zapata-Matos v. Reckitt & Colman, Inc.*, 277 F.3d 40, 45-46 (1st Cir. 2002) ("[T]he ultimate question is not whether the explanation was false, but whether discrimination was the cause of the termination."); *Mulero-Rodríguez v. Ponte, Inc.,* 98 F.3d 670, 674 (1st Cir.1996) ("[T]he issue is not whether [the employer's] reasons ... were real, but merely whether the decisionmakers ... believed them to be real.").

**Plaintiff's Item 2**

Plaintiff's Item 2 asks the Court to order APC to supply the names of each employee who is alleged to have overheard four categories of statements allegedly made by Plaintiff that Plaintiff's co-workers reported to APC. First, APC supplied information about these statements to Plaintiff in its discovery responses many months

ago. Second, it is undisputed that Plaintiff's co-workers reported Plaintiff's statements to APC as set forth in Plaintiff's Exhibit 2a, 2b, 2c and 2d.

APC was entitled to accept these reports and act on them regardless of how many other employees, if any, heard them, and regardless of what their names might be. *See, e.g., Zapata-Matos*, 277 F.3d at 47 (co-workers' reports to management were internally consistent and not contradicted by contemporaneous or later management reasons). In other words, her co-workers' reports to APC about Plaintiff were sufficient in and of themselves for APC to conclude that Plaintiff was too disruptive an influence to remain employed. Thus, it is irrelevant whether any other employees heard the comments and what their names might be. Finally, even if there were some marginal relevance to Plaintiff's request, she had the opportunity months ago, while discovery was open, to develop this information if she felt it was vital to her case. She did not.

**Plaintiff's Item 3**

Plaintiff's Item 3 asks the Court to order APC to provide a summary chart of formal disciplinary action rendered to six former and current APC employees. Item 3 largely mirrors Plaintiff's Interrogatory Nos. 4, 4a and 4b and Document Request Nos. 16 and 17. Defendant responded to these requests months ago, they were the subject of Plaintiff's March 28, 2006 Motion to Compel and the Court previously ruled on them in May 2006.

In Plaintiff's original discovery requests, she sought disciplinary information for George Sirrine, Cheryl Darcy, Mary Silvia, Emory ("Beau") Lifsey, Fran Wilcox and Sharon Bleisel [sic]. In Plaintiff's March 28, 2006 Motion to Compel (like this Motion, untimely), she narrowed her request for disciplinary action information to Darcy and

Sirrine but added Dorothy McAleer. At the May 8, 2006 hearing before Magistrate Judge Almond, Plaintiff further narrowed her request and limited it to just Darcy. The Court noted Plaintiff's withdrawal as to all but Darcy in its May 9, 2006 Memorandum and Order, a copy of which is attached as Exhibit A.

Notwithstanding the narrowed scope of her prior Motion and her withdrawal of her request for disciplinary action information for all employees except Darcy, and notwithstanding the Court's express reference to the withdrawal in its Order, three months after the Court's Order and eight months after the Pretrial Order deadline, Plaintiff is back. But this time, she is asking not just for disciplinary action information for Darcy, but also for Sirrine, Silvia, Lifsey, and Wilcox, each of whom was part of Plaintiff's initial Interrogatory No. 4, and for Deborah Robar, an entirely new request.

The Court's May 9th Order forecloses Plaintiff's current request as to all of the current and former employees contained in Plaintiff's initial discovery requests. Her new request as to Robar is woefully untimely. In any event, the Court ought to rule that the request for disciplinary information about Robar is precluded by the May 9th Order since, at that time, Plaintiff withdrew her request for disciplinary information as to all employees except Darcy.

## Conclusion

Plaintiff's Request for Court Order should be denied because it is untimely, procedurally defective and seeks information and/or documents that are beyond the scope of discovery. Plaintiff's conduct in again filing an untimely motion and in renewing and expanding her withdrawn requests is abusive and violates Rule 37. The

Court should consider imposing sanctions on Plaintiff for her continued untimely and frivolous filings.

AMERICAN POWER CONVERSION
CORPORATION
By its Attorneys,

/s/ Gardner H. Palmer, Jr.

Gardner H. Palmer, Jr. Esq. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
401 274-4040
401 274-4099 Fax
gpalmer@rodiobrown.com

Date: August 21, 2006

**CERTIFICATION**

Natalie Gill Bartlett
45 Lakeside Drive
Narragansett, RI 02882

I hereby certify that the original of this document was filed electronically and is available for viewing and downloading from the ECF system. I further certify that I caused a copy of the within document to be sent to the party listed above by regular, first class mail, postage prepaid on the 21st day of August, 2006.

/s/ Gardner H. Palmer, Jr.