**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Natalie Gill Bartlett** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CASE: CA 05 084 ML** |
| | : | |
| | : | |
| **American Power Conversion Corporation** | : | |
| **Defendant** | : | |

**PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUESTED COURT ORDER TO REQUIRE DEFENDANT (AMERICAN POWER CONVERSION CORPORATION) TO PROVIDE ADDITIONAL INFORMATION IN SUPPORT OF PLAINTIFF'S COMPLAINT**

**Plaintiff's Contentions**

That the plaintiff is justified in requesting the Court Order due to receipt of information received from the Defendant after the closure of Discovery. The Plaintiff considers the data requested and its potential relationships of relevance to be critical to the defense of the plaintiff's complaint.

The plaintiff also believes that in the Defendant's opposition to the plaintiff's request for the Court Order dated August 21, 2006, that the Defendant makes several conclusions that are not accurate and not based upon the facts of this Complaint and its proceedings that are addressed in the plaintiff's argument.

Natalie Gill Bartlett.
v.
American Power Conversion Corporation
C.A. No. 05 084ML



**Plaintiff Items, no. 1a, 1b and 1c**

**Defendant Argument**

"Neither Lifsey nor Darcy is a defendant in the action, and APC has no ability to compel certified statement from either one, even if it were appropriate to do."

**Plaintiff Response**

Since Exhibit's Nos. 1, 2a., 2b., 2c. and 2d. provided to the Court in the Plaintiff's August 5, 2006 Court Order request, factually support that the statements of Cheryl Darcy, George Sirrine and Dorothy McAleer all originate from Cheryl Darcy's statement (highlighted in exhibit no. 1 of the plaintiff's Court Order request), the plaintiff contests all of these statements as being not based upon fact and that they are untrue. Cheryl Darcy's statement in Exhibit no.1 , that Beau-Emory Lifsey told the group at the table that Plaintiff not only told him that she carried a small handgun but she showed it to him."

The plaintiff further contends that since no other APC employees have been named by the Defendant as witnesses to the plaintiff's alleged comments of carrying a handgun and having ties to the Rhode Island mob, as brought forth in the statements

of C. Darcy, G. Sirrine and D. McAleer, (all included in plaintiff's exhibit's 2a. through 2d. in the plaintiff's August 5, 2006 Court Order request. The plaintiff believes that sufficient evidence exists to support that collaboration exists between Darcy, Sirrine and McAleer in this matter and that their collaboration was based upon lies carried forward primarily by Cheryl Darcy as an agent of the Defendant based upon her own initiative.

The reason for the plaintiff's claims involving Darcy is that Darcy was upset by the plaintiff's several complaints about Darcy's lack of timely processing in posting customer payments, (previously acknowledged by the Defendant), and the plaintiff's complaint about C. Darcy's throwing of a condom in front of Fran Wilcox during a lunch in the APC cafeteria.

Since exhibit's no.'s 1, 2a., 2b., 2c., and 2d. support the plaintiff's claim of Darcy's collaboration and untruthful statements, the plaintiff believes that she is totally justified in requesting a Court Order for the items indicated as 1a., 1b. and 1c. of her Court Order request.

The Defendant's reasoning that neither Lifsey or Darcy are Defendants in this action is an attempt to obstruct justice, since it is clear from the exhibits that that Darcy's comments and statements, carried forth by collaboration with Sirrine

and McAleer served as the primary basis for the APC management decision that the plaintiff's actions that led to the termination of her employment were so severe that she was not entitled to any consideration for application of the APC Corrective Discipline Procedure. The APC stated reason for the termination of the plaintiff's employment was that "she caused serious problems with other employees within her work department".

Since it is clear that no other APC employees of the plaintiff's former work Department are named as witnesses to her alleged statements, the statements of Darcy, Sirrine and McAleer plus the Darcy alleged statement of Lifsey, support the Plaintiff's request for APC to obtain certified statements from Lifsey and Darcy as requested. If these statements can not be obtained or if obtained and they negate Darcy's claims regarding the plaintiff in any manner, the plaintiff is justified in contending that the decision to terminate her employment was based upon untruths, which supports her Motion for the Court to order Summary Judgment against the Defendant.

The Defendant claims that Darcy's report that the plaintiff had claimed to carry a handgun in her handbag is undisputed is another misrepresentation of the Defendant as well as the fact that her employment was terminated in March 2004.

The Defendant's statement that the certified statements that the plaintiff is requesting in the Court Order are irrelevant to this employment dispute between the parties, the plaintiff believes is an inappropriate judgment by the Defendant that is a matter to be reviewed and ruled upon by the Court.

The Defendant's conclusion that the plaintiff's improper reaction to APC's investigation into the report (of plaintiff carrying a handgun) was one of the reasons why she was terminated in addition to the comments attributed to the plaintiff made in the statements of Darcy, Sirrine and McAleer in addition to the inference of the unnamed other employees that heard the plaintiff making these comments. APC management indicated that all of these alleged comments of the plaintiff resulted in causing serious problems with others in her work department and also inferring an unsafe and threatening environment.

The Defendant's statement that the plaintiff was not terminated because that it was alleged that she carried a gun is another untrue statement. It is obvious from the APC employee allegations made in their statements in exhibits 2a., 2b., 2c., and 2d. that the carrying of the handgun, having guns and knives, threatening to take down an

airliner, ties to the Rhode Island mob, making people disappear, have things taken care of, were the type of things that served as the primary reason for the termination of employment since no other specific statements were formalized by the Defendant. Other items such as plaintiff's attitude, hostile manner and any other matters that are general in nature, (not specifically defined) should be brought forth by the Defendant if they are not in conflict with an employees right to challenge situations that are believed to represent unfair and or discriminatory treatment.

The plaintiff is fully aware that C. Darcy, G. Sirrine, D. McAleer and P. Edwards are willing to perjure themselves if this matter goes forward to trial for resolution. They have no other alternative at this point unless they decide to be honest. This is why the plaintiff believes that the Court Order request for items 1a., 1b., and 1c. are justified and if the possibility of dishonesty exists on their parts, the plaintiff believes it to be a potential injustice to and waste of time and money to the Court to carry this matter forward to trial.

Anyone that reviews the statements made by Cheryl Darcy, George Sirrine and Dorothy McAleer in exhibits no's 1 through 2d. in regard to their lack of consistency and variable statements could question their validity.

**Plaintiff's Response to Defendant's Objection to Data Requested in Item #2**

The plaintiff contends that if the Defendant is unable to provide any additional employee names other than C. Darcy, G. Sirrine and D. McAleer, that no other witnesses to the alleged statements of the plaintiff exist, if not, in fact, this allegation of the Defendant is another mistruth that adds to the lack of credibility of the Defendant's response to the plaintiff's complaint.

**Plaintiff's Response to Defendant's Objection to Data Requested in Item #3**

The Defendant again is inaccurate in their statement regarding the plaintiff's request for provision of disciplinary action provided certain employees. She previously narrowed her information request to the contents of Cheryl Darcy's personnel file only, which was answered by the Defendant.

The plaintiff still does not believe as stated by the Defendant that no disciplinary action was provided C. Darcy for the comments that she made that motivated George Sirrine to smash a tuna fish sandwich in her face and to throw a punch at another APC employee.

The Defendant has previously provided data stating that the Defendant terminated the employment of Mary Silvia and Emory Lifsey. Her new request for any disciplinary action provided Deborah Robars regarding the incident where she threatened physical bodily injury to Karena Burnham while driving her car in the employee parking lot is relevant to the plaintiff's complaint. The plaintiff only learned about this event while talking with Karena Burnham this spring and was told by Karena that a video camera tape exists that confirms the occurrence of this incident. The plaintiff wants to know what disciplinary action was taken with Robars regarding this incident?

The plaintiff believes that she is justified in learning whether or not any of these APC employees other than Darcy were every formally disciplined (in writing) or formally placed on warning or probation under the provisions of the APC Corrective Discipline Procedure: George Sirrine, Mary Silvia, Emory Lifsey, Deborah Robars and Fran Wilcox.

The plaintiff believes that she is justified in her request to obtain this data in the summary form outlined in her Court Order request, which is a different request than her original request soliciting documentation related to disciplinary action contained in the individual's personnel files.

Substantiation that one or more of the employees or former employees of APC for which the information is requested was formally disciplined or placed on formal warning or probation will substantiate that the plaintiff was treated differently than other employees of her former work department, which is discriminatory, and in violation of provisions of Title VII.

The obtainment of the requested information is important to the plaintiff's Complaint since the primary reason provided for her termination was, "that she caused problems with other employees within her work department".

The quick movement to termination of the plaintiff without any existence of any formal complaint regarding the plaintiff, without provision of formal warning or probation (as confirmed by the defendant) supports the issue of discriminatory intent of the Defendant, especially if the information requested in this Court Order is proven to have no factual basis or is based upon mistruths.

**Conclusion**

The plaintiff is not aware of Federal Court Rules that prohibit her from requesting additional Discovery information relevant to her Complaint. The plaintiff further believes that this Court Order is justified because in her opinion the most relevant data received by the plaintiff was received in the Defendant's Supplemental response to the plaintiff's first set of interrogatories more than 50 (fifty) days after the close of the Discovery process.

The plaintiff further believes that there is justification related to this Court Order request due to the distinct possibility that the statements of Cheryl Darcy, George Sirrine and Dorothy McAleer are totally based upon untruths which are considered as facts by the Defendant. The plaintiff further believes that proper pursuit of this claim could potentially eliminate the need for this Complaint to go to trial and serve as potential justification for consideration of Summary Judgment to be awarded against the Defendant.

Natalie Gill Bartlett pro se plaintiff

45 Lakeside Drive
Narragansett, RI 02882
(401) 782-1398

Date: September 2, 2006

**CERTIFICATION**

Gardner H. Palmer,Jr.
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903

I hereby certify that I sent a copy of the within document to the party listed above by regular, first class mail, postage prepaid on the 2nd day of September, 2006.

Natalie G. Bartlett pro se plaintiff